ALEXANDER B. CVITAN (SBN 81746)
E-mail: alc@rac-law.com
MARSHA M. HAMASAKI (SBN 102720)
E-mail: marshah@rac-law.com;
PETER A. HUTCHINSON (SBN 225399), and
E-mail: peterh@rac-law.com,
REICH, ADELL & CVITAN, A Professional Law Corporation
3550 Wilshire Blvd., Suite 2000
Los Angeles, California 90010-2421
Telephone: (213) 386-3860; Facsimile: (213) 386-5583

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CORNERSTONE DEMOLITION CORP, a California corporation; JAMES ROBERT RAWSON, an individual; DOE 1 through DOE 5, inclusive,<br><br>Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. BREACH OF COLLECTIVE BARGAINING AGREEMENT;<br>2. FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF<br>3. DAMAGES FOR BREACH OF FIDUCIARY DUTIES;<br><br>[29 U.S.C. §§ 185, 1109, 1132(a)(3), 1132(g)(2) and 1145] |

Plaintiff, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company, ("CLTF") alleges:

**JURISDICTION AND VENUE**

1.   This action is brought by a fiduciary administrator on behalf of employee benefit plans to collect monthly fringe benefit contributions due such plans in accordance with the terms and conditions of the plans, the collective bargaining

1  agreement between the employer and a labor organization, and pursuant to statutes, as
2  well as for breach of fiduciary duty to the plans against the employer and its principal.
3  This Court has jurisdiction pursuant to sections 502(g)(2) and 515 of the Employee
4  Retirement Income Security Act (ERISA) (codified at 29 U.S.C. §§ 1132(g)(2) and
5  1145); section 502(a)(3) of ERISA (codified at 29 U.S.C. § 1132(a)(3)); and section
6  301 of the Labor Management Relations Act (LMRA) (codified at 29 U.S.C. § 185).
7  Pursuant to section 502(e)(2) of ERISA (codified at 29 U.S.C. § 1132(e)(2)), venue is
8  proper in this district as employer's performance and breach took place in this district
9  and the plans are administered in this district.

## PARTIES

2.   CLTF is an administrator of, agent for collection for, a fiduciary to, and brings this action on behalf of, the following employee benefit plans: Laborers Health and Welfare Trust Fund for Southern California; Construction Laborers Pension Trust for Southern California; Construction Laborers Vacation Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Fund for Construction Industry Advancement; Center for Contract Compliance; Laborers Contract Administration Trust Fund for Southern California; Laborers' Trusts Administrative Trust Fund for Southern California; and Southern California Partnership for Jobs Trust Fund (hereinafter referred to collectively as "TRUST FUNDS").  The TRUST FUNDS are express trusts created by written agreement, an employee benefit plan within the meaning of section 3(3) of ERISA (29 U.S.C. § 1002(3)), and a multi-employer plan within the meaning of section 3(37)(A) of ERISA (29 U.S.C. § 1002(37)(A)).  Each of the TRUST FUNDS exist pursuant to ERISA and section 302 of the LMRA (29 U.S.C. § 186).  CLTF and the TRUST FUNDS' (collectively hereinafter referred to as "Plaintiff") principal places of business are in the County of Los Angeles, State of California.

3.   CLTF is a fiduciary as to the TRUST FUNDS, in that it:

1        A.    Exercises discretionary authority or discretionary control respecting the collection of delinquent (or possibly delinquent) fringe benefit contributions to the TRUST FUNDS, including but not limited to discretion in auditing employers, deciding what claims to assert, acting as agent of the TRUST FUNDS in asserting claims, waiving liquidated damages, settling claims, and releasing claims; and

      B.    Exercises authority or control respecting management or disposition of assets of the TRUST FUNDS, including but not limited to, receiving delinquent contributions collected and holding them in a bank account in its own name over which it has check-writing authority, and then exercising discretion in allocating those assets among the different TRUST FUNDS, different participants, different time periods and different jobs.

4. Plaintiff is informed and believes and thereon alleges that CORNERSTONE DEMOLITION CORP. ("EMPLOYER"), is a California corporation organized and existing under and by virtue of the laws of the State of California and is engaged in business in the State of California with its principal place of business in the City of Ontario, County of San Bernardino, State of California and does, or at all relevant times did, business in the State of California as a construction contractor in an industry affecting interstate commerce.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant, JAMES ROBERT RAWSON, an individual, ("RAWSON") is and has been at all times mentioned herein, an individual who is engaged in business in the City of Ontario, County of San Bernardino, State of California who is a principal, responsible managing officer and Chief Executive Officer of the EMPLOYER.

6. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOE 1 through DOE 5, inclusive are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and

Plaintiff will amend this Complaint to show their true names and capacities when the same have been ascertained.

### OTHERS

7. The Southern California District Council of Laborers and its affiliated Local Unions, including Local No. 300 (collectively "UNION") is, and at all relevant times was, a labor organization representing employees affecting interstate commerce. The UNION is not a party to this action.

### INDIVIDUAL DEFENDANT

8. Plaintiff is informed and believes and thereon alleges that at all times material herein, that RAWSON and/or DOE 1 through DOE 5, inclusive were and/or continue to be fiduciaries and/or parties in interest to the TRUST FUNDS as defined in 29 U.S.C. §§ 1002(14), and 1002(21)(A), for the reasons more fully described below and in the Second Claim for Relief.

9. Plaintiff is informed and believes and thereon alleges that RAWSON and/or DOE 1 through DOE 5, inclusive are responsible for running the day to day operations of EMPLOYER and are responsible for decisions pertaining to the reporting and payment of contributions to the TRUST FUNDS, and that they personally maintained control of those funds which should have been turned over to the TRUST FUNDS.

10. Plaintiff is informed and believes and thereon alleges that at all times herein, RAWSON and/or DOE 1 through DOE 5, inclusive are majority shareholders of EMPLOYER and/or the beneficial owners of EMPLOYER.

11. Plaintiff is informed and believes and thereon alleges that RAWSON and/or DOE 1 through DOE 5, inclusive, acted on behalf of and in the interest of EMPLOYER in all aspects of labor relations and in EMPLOYER'S dealings and relations with the TRUST FUNDS, and the UNION.

12. Plaintiff is informed and believes and thereon alleges that RAWSON

and/or DOE 1 through DOE 5, inclusive acted on behalf of EMPLOYER and in the interest of EMPLOYER in determining which employees EMPLOYER would report to the TRUST FUNDS, the number of hours upon which contributions would be reported as owing, and the amount and timing of contributions to be paid to the TRUST FUNDS.

## FIRST CLAIM FOR RELIEF
### (Against the EMPLOYER for Monetary Damages
### Due to Employee Benefit Plans)

13.     Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12, above.

## AGREEMENTS

14.     EMPLOYER became bound to agreements with the UNION known as the "Laborers Short Form Agreement for the Construction Industry ("SHORT FORM") effective on or about April 1, 2018, which bind EMPLOYER to the UNION'S Construction Master Labor Agreements for Southern California and San Diego (collectively "MLA").  EMPLOYER also applied for Non-Jobsite coverage ("NONJOBSITE COVERAGE") from the Laborers Health and Welfare Trust Funds for Southern California ("H&W TRUST") for its non-bargaining employees ("NONJOBSITE EES").  The SHORT FORM and MLA continue to remain in effect and the EMPLOYER'S NONJOBSITE COVERAGE was terminated effective May 31, 2021.

15.     Pursuant to the SHORT FORM and MLA, EMPLOYER became obligated to all the terms and conditions of the various Trust Agreements which created each of the TRUST FUNDS as they may be constituted in their original form or as they may be subsequently amended. The referenced Agreements will be

collectively referred to as "AGREEMENTS".

16. The AGREEMENTS, obligate EMPLOYER to pay fringe benefit contributions at the rates set forth in the AGREEMENTS for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS and who are entitled to receive NONJOBSITE COVERAGE ("MONTHLY CONTRIBUTIONS"). The EMPLOYER is additionally required to submit monthly contribution reports ("MONTHLY REPORTS") with these MONTHLY CONTRIBUTIONS, detailing the name, address, social security number and hours worked that month for each employee covered by the AGREEMENTS and those MONTHLY REPORTS are required to be submitted even where there are no employees to report for the reporting period. The TRUST FUNDS depend on the truth and accuracy of this information, in order to not only determine the correct amount of MONTHLY CONTRIBUTIONS due, but to fulfill their own fiduciary duties to properly credit participants towards the benefits provided by the TRUST FUNDS. Those MONTHLY CONTRIBUTIONS constitute assets of the TRUST FUNDS, pursuant to the terms of the AGREEMENTS and applicable law, from the time they are due and can be reasonably segregated from other funds. The Trustees of the TRUST FUNDS have a fiduciary duty to marshal those assets so that they may be applied for the benefit of the participants and beneficiaries in accordance with the various Trust Agreements.

17. The AGREEMENTS obligate EMPLOYER, and any of its subcontractors or lower-tiered subcontractors, to subcontract work covered under the MLA to those subcontractors who are parties to the MLA with the UNION, and failure to do so will result in damages to the TRUST FUNDS and EMPLOYER will be financially obligated to the TRUST FUNDS for the damages caused therefrom, including amounts measured by the fringe benefit MONTHLY CONTRIBUTIONS, liquidated damages, and interest that would be owed by the subcontractor if signatory to the UNION's Agreements.

18. The AGREEMENTS further provide that if EMPLOYER subcontracts work to and/or if its subcontractor(s) or lower-tiered subcontractors, subcontracts work covered under the AGREEMENTS to any subcontractor who is delinquent in its obligations to the TRUST FUNDS under its Agreements with the UNION, then EMPLOYER will be financially obligated to the TRUST FUNDS for the amounts owed by said delinquent subcontractor, including any fringe benefits, liquidated damages and interest owed.

19. By the AGREEMENTS and pursuant to 29 U.S.C. § 1132(g)(2)(C), EMPLOYER is obligated to pay to the TRUST FUNDS, as and for liquidated damages for detriment caused by the failure of EMPLOYER to pay fringe benefit MONTHLY CONTRIBUTIONS in a timely manner, a sum equal to $25.00 or twenty percent (20%) of the unpaid MONTHLY CONTRIBUTIONS or interest on the unpaid MONTHLY CONTRIBUTIONS at rates established pursuant to the AGREEMENTS from their respective due dates, whichever is the greater amount, for each of the TRUST FUNDS to which EMPLOYER is required to contribute.

20. By the AGREEMENTS, and pursuant to 29 U.S.C. § 1132(g)(2)(B), EMPLOYER is obligated for payment of interest on delinquent MONTHLY CONTRIBUTIONS from the due date of the contribution through the payment date of the contribution, at the per annum rate of five percent (5%) over the rate set by the Federal Reserve Board at San Francisco, California, effective on the date each contribution is due.

21. The AGREEMENTS provide the TRUST FUNDS with specific authority to examine the payroll and business records of employers, including the EMPLOYER, to determine whether they have reported all hours worked by (or paid for) their employees who perform work under the AGREEMENTS, and whether they have paid the appropriate MONTHLY CONTRIBUTIONS and other amounts due by them to the TRUST FUNDS. The AGREEMENTS further provide that employers, including the EMPLOYER, must maintain records sufficient for the TRUST FUNDS to verify

proper Monthly Reporting, and, where there has been inaccurate Monthly Reporting, to determine the additional amounts due, and that the EMPLOYER must pay the TRUST FUNDS' audit fees if it is delinquent to the TRUST FUNDS.  The TRUST FUNDS have delegated the authority to perform such audits to Plaintiff.

## BREACH OF AGREEMENTS

22.   Plaintiff is informed and believes and based on such information and belief alleges that EMPLOYER employed workers who performed services covered by the AGREEMENTS and failed to pay the rates specified in the AGREEMENTS to TRUST FUNDS on behalf of those workers for each hour worked (or paid for) by employees performing services covered by the AGREEMENTS, including the rates owed on behalf of NONJOBSITE EES.  Due to EMPLOYER'S continuing obligation to submit timely accurate MONTHLY REPORTS additional amounts may be discovered and become due and owing by EMPLOYER have not yet been ascertained at this time.  Said amounts including MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, interest, and audit fees will be established by proof at the trial or other hearing.

23.   All conditions to EMPLOYER'S obligations to make payments pursuant to its AGREEMENTS and for NONJOBSITE COVERAGE have been met.

## DAMAGES

24.   As a result of EMPLOYER'S failure to pay the rates specified in the AGREEMENTS, and for NONJOBSITE COVERAGE Plaintiff is informed and believes and thereupon alleges that there is now owing and unpaid to the TRUST FUNDS from EMPLOYER, during time periods from July 2018 to January 2021, damages in the sum of at least $70,643.50 consisting of $45,181.63 in unpaid MONTHLY CONTRIBUTIONS, $18,438.84 in liquidated damages, $2,552.32 in subcontracting violations, $105.00 in returned check fees, $880.00 in audit fees; less

and credit of $265.42 and $3,751.13 in interest on the late and/or unpaid MONTHLY CONTRIBUTIONS and subcontracting violations owed to the TRUST FUNDS through June 1, 2021, plus additional accrued interest at the plan rate(s), currently 5.25% per annum, until payment of the contribution is made, as well as any additional MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest on the additional amounts owed at the plan rate(s), according to proof at the time of trial or other hearing.

25. The failure of the EMPLOYER to pay MONTHLY CONTRIBUTIONS when due causes harm to the TRUST FUNDS and its participants, which is impractical to accurately quantify. This may include the cost of collecting the MONTHLY CONTRIBUTIONS from the EMPLOYER or third parties (not including the costs of this litigation), the cost of special processing to restore benefit credits because of late MONTHLY CONTRIBUTIONS, the temporary loss of insurance coverage by employees (even if later restored) and medical harm to participants and beneficiaries who may have foregone medical care when notified that medical insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS. The liquidated damages provision of the AGREEMENTS was meant to compensate for this unquantifiable loss, and is based on the ratio of collection costs over amounts collected, regularly reported to the Trustees. The Trustees of the TRUST FUNDS have the authority, in their discretion, to waive all or part of these liquidated damages. In this case, they have exercised their discretion by declining to waive any liquidated damages.

26. It has been necessary for the TRUST FUNDS to engage counsel to bring this action to compel compliance with the AGREEMENTS which provide that in the event litigation is necessary with respect to any of the fringe benefit MONTHLY CONTRIBUTIONS and/or damages against EMPLOYER, then EMPLOYER would pay reasonable attorney's fees and all other reasonable expenses of collection, including audit fees.

27. Under Sections 515 and 502(g) of ERISA, EMPLOYER is liable to the TRUST FUNDS not only for the amount of delinquent MONTHLY CONTRIBUTIONS but also (a) for pre-judgment and post-judgment interest on the delinquent sums (as provided for in Section 502(g) of ERISA); (b) for the higher of interest or liquidated damages (as provided for in Section 502(g) of ERISA); (c) for attorneys' fees; and (d) for other relief permitted by Section 502(g) of ERISA.

**SECOND CLAIM FOR RELIEF**

**(For Injunctive Relief Compelling Submission of**

**Fringe Benefit Contributions to Employee Benefit Plans)**

28. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 27 above as if fully set forth here.

29. The EMPLOYER has repeatedly failed to timely submit MONTHLY CONTRIBUTIONS, and has refused to comply with a complete audit of its books and records.

30. By reason of the EMPLOYER'S failure to comply with its monthly reporting and contribution obligations, the TRUST FUNDS, its participants and/or its beneficiaries have suffered and will continue to suffer hardship and actual and impending irreparable injury and damage for at least the following reasons. First, where MONTHLY CONTRIBUTIONS are due but not paid the TRUST FUNDS lose the use of the unpaid funds (both for investment and the payment of claims). Second, the TRUST FUNDS incur substantial costs in the special processing of MONTHLY CONTRIBUTIONS that are paid, or otherwise recovered, after the date due, in order to provide employee fringe benefit credits and restore eligibility. Third, the TRUST FUNDS incur a liability for pension benefits for employee work even if MONTHLY CONTRIBUTIONS are not paid and incur liability for health insurance claims for a certain period of employer non-payment of MONTHLY CONTRIBUTIONS. Fourth,

the TRUST FUNDS have an obligation to take steps to collect amounts due by delinquent employers. Thus ongoing employer delinquencies result in an ongoing drain on TRUST FUNDS resources. Fifth, the amount of benefits payable to all participants and beneficiaries for health insurance and pension claims is actuarially determined on the basis of funds projected to be received from contributing employers. Employer delinquencies complicate that determination and result in a reduction of benefits to all employees. Sixth, employer delinquencies have an intangible effect on the construction industry as a whole, doing damage to the TRUST FUNDS collection mechanism; specifically, when it is discovered that one contractor is substantially delinquent to the TRUST FUNDS, contractors engaged in the same type of work may feel that they are operating at a competitive disadvantage and withhold their MONTHLY CONTRIBUTIONS until that competitive disadvantage has been removed. Seventh, employees are harmed because health insurance is not provided to them and their dependents after a certain period of non-payment of MONTHLY CONTRIBUTIONS on their behalf. In addition to loss of health insurance, harm caused to employees can include medical harm if they forego medical care when notified that insurance ceased because of their employer's failure to pay MONTHLY CONTRIBUTIONS. Eighth, employees are also harmed in that they are entitled to vacation pay only for hours of Covered Work for which MONTHLY CONTRIBUTIONS are paid. Ninth, the TRUST FUNDS have no basis for providing credits toward eligibility for pensions for unknown hours of Covered Work. Tenth, the EMPLOYER failed to allow a complete audit of its records.

31. The TRUST FUNDS have no adequate or speedy remedy at law. They therefore request that this Court exercise its authority under sections 502(g)(2)(E) and 502(a)(3) of ERISA (29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3)) to issue preliminary and permanent injunctive relief ordering the EMPLOYERS to comply with their obligations under the AGREEMENTS and section 515 of ERISA (29 U.S.C. § 1145) to fully disclose its employees' Covered Work on its MONTHLY REPORTS,

itemized by project, and timely submit them each month with full payment of the MONTHLY CONTRIBUTIONS due and to comply fully with the audit of its records.

32. An award of attorneys' fees and costs is provided for by AGREEMENTS and under sections 502(g)(1) and/or (g)(2) of ERISA (29 U.S.C. § 1132(g)(1) and/or (g)(2)).

### THIRD CLAIM FOR RELIEF
### DAMAGES FOR BREACH OF FIDUCIARY DUTIES
### IN VIOLATION OF ERISA
### (AGAINST EMPLOYER, RAWSON AND DOE 1 THROUGH DOE 5)

33. Plaintiff repeats and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 above.

34. Plaintiff is informed and believes and thereon alleges that RAWSON and/or DOE 1 to DOE 5, inclusive, were and still are parties in interest, the agents, managing officers, directors, managing employees, and/or beneficial owners of the EMPLOYER with the authority to direct, control, and/or manage the business affairs of the EMPLOYER including the disposition of the EMPLOYER'S assets.

35. Plaintiff is informed and believes and thereon allege that the EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, were and still are fiduciaries with respect to the TRUST FUNDS within the meaning of § 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), in that they exercised discretionary authority or control respecting management or disposition of assets of the TRUST FUNDS.

36. The AGREEMENTS require that the EMPLOYERS deduct MONTHLY CONTRIBUTIONS due to the CONSTRUCTION LABORERS VACATION TRUST FUND FOR SOUTHERN CALIFORNIA ("Vacation Fund") from EMPLOYERS employees' weekly paychecks, in the amounts specified. Such deductions are "amounts that a participant has withheld from his wages by an employer, for

contribution" to the TRUST FUNDS, which thus become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

37. On "public works" as defined by California Labor Code § 1720, the EMPLOYERS were required to pay a minimum "prevailing" or "per diem" wage, including amounts which could either be paid directly on the weekly paycheck to employees, or contributed as "employer payments" (as defined in Labor Code § 1773.1) which includes payments to the TRUST FUNDS. The EMPLOYERS employed workers on such public works, also covered by the Agreements, and certified under penalty of perjury (pursuant to Labor Code § 1776) that a portion of the required prevailing wage due such employees would be withheld from their per diem weekly wage and instead contributed to the TRUST FUNDS, in satisfaction of the prevailing wage required law. The U.S. Department of Labor has taken the position that such amounts are "amounts that a participant has withheld from his wages by an employer, for contribution" to the TRUST FUNDS, which become assets of the TRUST FUNDS within the meaning of 29 C.F.R. § 2510.3-102, "as of the earliest date on which such contributions . . . can reasonably be segregated from the employer's general assets."

38. Plaintiff is informed and believes that, instead of turning over Vacation Fund contributions and the portions of the prevailing wage the EMPLOYERS certified was to be paid to the TRUST FUNDS from employees' weekly paychecks, that EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, kept those amounts for their own use, and did not segregate or turn them over to the TRUST FUNDS.

39. Plaintiff is informed and believes that RAWSON and/or DOE 1 to DOE 5, inclusive, are the persons responsible for preparing and issuing certified payroll reports to public agencies under Labor Code § 1776, and were responsible for the certification that such amounts would be paid to the TRUST FUNDS as part of the

prevailing wage obligation. Plaintiff is further informed and believes that RAWSON and/or DOE 1 to DOE 5, inclusive, had discretionary authority or control over sufficient, segregable funds to pay the amounts certified under penalty of perjury, that would be withheld from employees' weekly wages for contribution to the TRUST FUNDS in order to meet prevailing wage obligations, including the authority to write checks on the accounts in which such funds were held, but instead kept them for his own use, or for the use of the EMPLOYERS.

40. By their discretionary authority or control over the management or disposition of assets of the TRUST FUNDS, specifically to Vacation Fund as well as the fringe benefit component of prevailing wages on public works, described above, EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, are fiduciaries of the TRUST FUNDS within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

41. The amount of the delinquent MONTHLY CONTRIBUTIONS referenced herein above relating to public works projects and the Vacation Fund were and still are due and owing to the TRUST FUNDS and are assets of the TRUST FUNDS within the meaning 29 U.S.C. §§ 1001-1003, 1021-1031, 1111-1114 and 18 U.S.C. § 664. The Vacation Fund amount and the amount of MONTHLY CONTRIBUTIONS referenced herein above will be proven at the time of trial or other hearing, plus interest at the plan rate(s).

42. By failing to timely account for and turn over the assets of the TRUST FUNDS described above, by failing to apply such assets for the exclusive benefit of participants and beneficiaries of the TRUST FUNDS, and instead using those assets for their own benefit, EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, breached their fiduciary duties to the TRUST FUNDS within the meaning of sections 404(a)(1)(A), (B) and (D), of ERISA, 29 U.S.C. §§ 1104(a)(1)(A), (B) and (D).

43. Plaintiff is informed and believes and thereon alleges that the acts and omissions to act by EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive,

constitute misuse, misappropriation and/or conversion from employee benefit plans within the meaning of 18 U.S.C. § 664 and breach of their fiduciary obligations within the meaning of 29 U.S.C. § 1104 through §1106.

44.   Pursuant to § 409 of ERISA, 29 U.S.C. § 1109, EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, are personally liable to make good to the TRUST FUNDS any losses to them resulting from each such breaches of their fiduciary duties, and to restore to the TRUST FUNDS any profits which have been made through their use of these assets of the TRUST FUNDS.  Plaintiff seeks an accounting from EMPLOYER, RAWSON and/or DOE 1 to DOE 5, inclusive, of the amount and disposition of these assets.

45.   Plaintiff requests that it be awarded its costs and reasonable attorney's fees pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1), and such other remedies as may be available pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF

1.   For the sum of $45,181.63, or according to proof, for delinquent fringe benefit MONTHLY CONTRIBUTIONS pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2)

2.   For liquidated damages in the sum of $18,438.84, or as subject to proof, as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2);

3.   For a total of $2,552.32 in subcontracting violations, or as subject to proof pursuant to the AGREEMENTS and 29 U.S.C. § 1132(g)(2);

4.   Interest on the delinquent MONTHLY CONTRIBUTIONS, and subcontracting violations in the amount of $3,715.13 through June 1, 2021 or as subject to proof, as required by the AGREEMENTS and pursuant to 29 U.S.C. §

1132(g)(2) plus additional accrued interest at the plan rate(s);

5. For a total of $70,908.92 less a credit of $265.42 for a total claim of $70,643.50 plus additional amounts for MONTHLY CONTRIBUTIONS, liquidated damages, subcontracting violations, audit fees and interest at the plan rate(s) according to proof at the time of trial or other hearing.

6. For reasonable attorney fees and costs of suit as required by the AGREEMENTS and 29 U.S.C. § 1132(g)(2);

7. For Plaintiff's costs of audit in the sum of $880.00 and subject to proof, in accordance with the AGREEMENTS and 29 U.S.C. § 1132(g)(2);

8. For such other and further relief as the Court deems proper.

## ON PLAINTIFF'S SECOND CLAIM FOR RELIEF

1. For the issuance of injunctive relief pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering EMPLOYER and its managing officers, managing employees, agents and successors, including RAWSON and DOE 1 through DOE 5, as well as all those in active concert or participation with any one or more of them, to submit to a complete audit of the EMPLOYER'S records and fully cooperate with Plaintiff with respect to the audit in order for Plaintiff to determine the total amount of damages due to the TRUST FUNDS by EMPLOYER and specifically, to produce to Plaintiff the following payroll and business records – and any other records determined by Plaintiff to be necessary to conduct a full audit – for inspection, examination and copying covering the period from January 2020 to the date of the audit:

  1.1 Job records, including job contracts between EMPLOYER and any general contractor, subcontractor, builder, developer and/or public agency, time records, other documentation reflecting the hours worked by employees on each of EMPLOYER'S construction projects;

  1.2 EMPLOYER'S, documents related to cash receipts, including but not limited to, the cash receipts journals, accounts receivable journal, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects or jobs on which EMPLOYER worked.

  1.3 All EMPLOYER'S documents related to cash disbursements, including but not limited to, vendors' invoices, cash disbursement journal, accounts payable journals, check registers, cancelled checks and all other documents which indicate cash disbursements.

2. For the issuance of injunctive relief pursuant to the AGREEMENTS and 29 U.S.C. §§ 1132(g)(2)(E) and/or 1132(a)(3) ordering EMPLOYER and DOE 1 through DOE 5, inclusive, and its managing officers, managing employees, agents and successors, including RAWSON and DOE 1 through DOE 5, inclusive, as well as all those in active concert or participation with any one or more of them, to deliver, or cause to be delivered, the following to the TRUST FUNDS' offices no later than 4:30 p.m. on the 20th day of each month for the duration of the AGREEMENTS:

  2.1. Truthfully and accurately completed MONTHLY REPORT(s) covering all of the accounts with the TRUST FUNDS in existence at the time of delivery, collectively identifying all persons for whom MONTHLY CONTRIBUTIONS are owed to the TRUST FUNDS for work by those persons for EMPLOYER for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which MONTHLY CONTRIBUTIONS are due;

  2.2. An affidavit or declaration from a managing officer or other managing agent of the EMPLOYERS attesting under penalty of perjury to the completeness, truthfulness and accuracy of each MONTHLY REPORT submitted; and

  2.3. A cashier's check or checks made payable to the "Construction

Laborers Trust Fund for Southern California" totaling the full amount of MONTHLY CONTRIBUTIONS due to the TRUST FUNDS for the previous month (as set forth on the MONTHLY REPORT(s) submitted).

3. For reasonable attorneys' fees and costs of suit, as required by the AGREEMENTS and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

4. For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132(a)(3).

5. For reasonable attorneys' fees and costs of suit, as required by the AGREEMENTS and provided for under 29 U.S.C. § 1132(g)(1) and/or (g)(2).

6. For such other relief that this Court deems appropriate, pursuant to any authority of the Court, including but not limited to the authority established by 29 U.S.C. §§ 1132(g)(2)(E) and 1132 (a)(3).

### ON PLAINTIFF'S THIRD CLAIM FOR RELIEF

1. For unpaid MONTHLY CONTRIBUTIONS according to proof, including but not limited to MONTHLY CONTRIBUTIONS due to the Vacation Fund and MONTHLY CONTRIBUTIONS due on public works projects owed on behalf of employees as well as other damages, and an accounting of all assets of the TRUST FUNDS which have not been turned over to the TRUST FUNDS, and any profits derived by the EMPLOYER and RAWSON and DOE 1 through DOE 5;

2. For personal liability of the EMPLOYER, RAWSON, and DOE 1 through DOE 5, for their breaches of fiduciary duty, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a);

3. For reasonable attorneys' fees and costs of suit pursuant to § 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1); and

4. For such other and further relief as the Court deems proper and just,

pursuant to ERISA §§ 409(a) and 502(a)(2), 29 U.S.C. §§ 1109(a) and 1132(a)(2).

DATED: June 2, 2021

REICH, ADELL & CVITAN
A Professional Law Corporation


By: /s/ Marsha M. Hamasaki
    MARSHA M. HAMASAKI
    Attorneys for Plaintiff

410598